**Alonzo HODGES, Petitioner**

v.

**PENNSYLVANIA DEPARTMENT OF HEALTH, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 3, 2011.
Decided Aug. 26, 2011.
Publication Ordered Oct. 26, 2011.

Alonzo Hodges, pro se.

Karin S. Simpson, Senior Counsel, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, and LEAVITT, Judge, and KELLEY, Senior Judge.

---

OPINION BY Judge LEAVITT.

Alonzo Hodges petitions, *pro se*, for review of a final determination of the Office of Open Records (OOR) denying his appeal under the Right–to–Know Law (RTKL).[1] In doing so, the OOR affirmed the Pennsylvania Department of Health's denial of Hodges' right-to-know request for information related to the licensure of the health care provider at a state correctional institution. Because the Department did not possess records responsive to Hodges' request, we will affirm.

Hodges is currently incarcerated at the State Correctional Institution at Fayette (SCI–Fayette). On November 30, 2010, Hodges filed a right-to-know request with the Department of Health (Department) seeking the "license verification and certificate of need" for Prison Health Services, Inc., the health care provider at SCI–Fayette, and a copy of the license application showing the name of the health care provider and health care facility at SCI–Fayette. Certified Record, Item 1, at 1 (C.R. ——). The Department did not issue a timely response to Hodges' request; therefore it was deemed denied.[2] *See* Section 901 of the RTKL, 65 P.S. § 67.901.[3] Hodges appealed to the OOR on December 17, 2010.

In response to Hodges' appeal, the Department submitted an affidavit entitled "Agency Affirmation of Nonexistence of Record" (Affidavit) executed by Patty Sheaffer, the Department's Open Records Officer. In her Affidavit, Sheaffer attested that she made a good faith and thorough inquiry to determine if the Department was in possession of the records requested by Hodges. Based on her search, Sheaffer determined that no responsive records existed in the possession, custody or control of the Department.

The Department also submitted a copy of its response to Hodges' right-to-know request, in which it advised Hodges that "certificates of need" are no longer issued. Chapter Seven of the Health Care Facilities Act,[4] which required them, expired on December 18, 1996. The Department also informed Hodges that it does not have authority over medical facilities within correctional institutions.[5] The Department

---

1. Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

2. The Department did not respond to Hodges' request until December 17, 2010.

3. Section 901 of the RTKL provides, in relevant part that

> [u]pon receipt of a written request for access to a record, an agency shall make a good faith effort to determine if the record requested is a public record, ... and whether the agency has possession, custody or control of the identified record, and to respond as promptly as possible under the circumstances existing at the time of the request.... The time for response shall not exceed five business days from the date the written request is received by the open-records officer for an agency. If the agency fails to send the response within five business days of receipt of the written request

for access, the written request for access shall be deemed denied.
65 P.S. § 67.901.

4. Act of July 19, 1979, P.L. 130, *as amended*, 35 P.S. §§ 448.101–448.904b. Specifically, Chapter Seven of the Act, *formerly*, 35 P.S. §§ 448.701–448.712, which required health care facilities to have certificates of need, expired on December 18, 1996, pursuant to Section 904.1 of the Act, 35 P.S. § 448.904a.

5. The Department referred to its response to a right-to-know request Hodges sent on September 16, 2010, directly to the Secretary of Health, wherein it informed him that the Department does not have authority over medical facilities in correctional institutions. The Department advised Hodges that the Correctional Institution Medical Services Act, 61 Pa.C.S. §§ 3301–3307, established the medical program for inmates and thus the Department of Corrections is responsible for the

advised Hodges to address his inquiry to the Department of Corrections.

█ Upon review, the OOR found that the Department established that it did not possess the records requested by Hodges. In reaching this conclusion, the OOR found that the Affidavit, signed by Sheaffer under penalty of perjury, was dispositive. Hodges now petitions for this Court's review.[6]

On appeal, Hodges argues that Sheaffer's Affidavit contains contradictory statements, which suggest that the records he requested may exist. Therefore, the Department did not carry its burden of proving that it was unable to fulfill Hodges' right-to-know request.[7]

█ The RTKL is "designed to promote access to official government information in order to prohibit secrets, scrutinize the actions of public officials, and make public officials accountable for their actions."

*Bowling v. Office of Open Records,* 990 A.2d 813, 824 (Pa.Cmwlth.2010). As such, any information falling within the RTKL's broad definition of "record" must be disclosed if requested.[8] However, an agency is not required to create a record if the requested record does not exist. Nor is it required to compile the record in a new or novel format. 65 P.S. § 67.705.[9] The burden of proving a record does not exist, or is exempt from disclosure, is placed on the agency responding to the right-to-know request. *See* 65 P.S. § 67.708. This Court has stated that an agency may satisfy its burden of proof that it does not possess a requested record with either an unsworn attestation by the person who searched for the record or a sworn affidavit of nonexistence of the record. *Moore v. Office of Open Records,* 992 A.2d 907, 908–909 (Pa. Cmwlth.2010).

█ In this case, Sheaffer, in her capacity as the Department's Open Records Of-

---

program. As further justification, the Department noted that correctional institution medical facilities were not included in the definition of a "health care facility" under Section 802.1 of the Health Care Facilities Act, 35 P.S. § 448.802a, added by Section 7 of the Act of July 12, 1980, P.L. 655.

6. When reviewing a determination of the OOR we independently review the determination and may substitute our own findings of fact for that of the agency. Our scope of review is plenary. *Department of Corrections v. Office of Open Records,* 18 A.3d 429, 432 n. 6 (Pa.Cmwlth.2011).

7. Hodges also suggests that the Department, contrary to its repeated assertions, has jurisdiction over the licensure of Prison Health Services by virtue of its authority to license all health care providers in Pennsylvania. It follows, Hodges argues, that the Department must have the records he requested. Whether the Department of Health's general licensing authority extends to prison medical facilities is not dispositive of Hodges' right-to-know request. The dispositive evidence, as discussed above, is the Department's sworn Affidavit that it has no records regarding the

licensure of Prison Health Services. Therefore, we will not address the scope of the Department's licensing authority.

8. The RTKL defines "record" as

[i]nformation, regardless of physical form or characteristics, that documents a transaction or activity of an agency and that is created, received or retained pursuant to law or in connection with a transaction, business or activity of the agency. The term includes a document, paper, letter, map, book, tape, photograph, film or sound recording, information stored or maintained electronically and a data-processed or image-processed document.

65 P.S. § 67.102.

9. It states:

When responding to a request for access, an agency shall not be required to create a record which does not currently exist or to compile, maintain, format or organize a record in a manner in which the agency does not currently compile, maintain, format or organize the record.

65 P.S. § 67.705.

ficer, issued an affidavit entitled "Agency Affirmation of Nonexistence of Record" stating in pertinent part that

> based on the information provided to me, I do hereby affirm that, to the best of my knowledge, information and belief, such records do not exist within our agency.

C.R., Item 3, Agency Affirmation of Nonexistence of Record. We agree with the OOR that, with this Affidavit, the Department met its burden of proof that the requested records do not exist in its possession. *Moore,* 992 A.2d at 908–909.

Hodges argues that Sheaffer's Affidavit is contradictory based upon her disclaimer that "[i]t is understood that this does not mean that the records do not exist under another spelling, another name or another classification." C.R., Item 3, Agency Affirmation of Nonexistence of Record. Hodges interprets this sentence to mean that the records do exist, just under a different name or classification. Accordingly, he contends that the Department should have been able to locate the records he sought based upon the information he provided, even if they are classified under a different name. We disagree.

Sheaffer's disclaimer that the records may exist somewhere "under another spelling, another name or another classification" does not, as Hodges argues, contradict her primary attestation. The misfiling or misclassification of records is always a possibility. An agency is only required, however, to search for and provide *the records which are requested.* The Department did so in this case. It was not required to sift through all of its records in order to determine if something under a different spelling or classification might possibly relate to Hodges' request. *See Moore,* 992 A.2d at 908–909 (noting that an affidavit stating the re-

quested record does not exist satisfies an agency's burden under the RTKL).

For all of the foregoing reasons, we affirm the order of the OOR denying Hodges' appeal.

### ORDER

AND NOW, this 26th day of August, 2011, the order of the Office of Open Records, dated January 11, 2011, in the above-captioned matter is hereby AFFIRMED.