IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Borough of Paxtang                       :
                                         :    No. 596 C.D. 2016
                        v.               :
                                         :    Submitted:  July 22, 2016
Charles Hoyer,                           :
                        Appellant        :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                              FILED:  March 3, 2017


            Charles Hoyer (Requestor) appeals, *pro se*, from the November 23, 2015 order of the Court of Common Pleas of Dauphin County (trial court), which reversed the determination of the Office of Open Records (OOR) that the Borough of Paxtang (Borough) failed to meet its burden under the Right-to-Know Law (RTKL)[1] to establish that the requested records do not exist.


                        **Facts and Procedural History**

            Requestor is currently incarcerated at the State Correctional Institution at Laurel Highlands.  On April 7, 2015, the Borough received a records request pursuant to the RTKL, seeking certain pages of Officer Jason Cleck's employment application

----

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101–67.3104.

and "copies of the emails from the Borough Server between Ken Beard and Jason Cleck from February 1, 2012 until February 12, 2012, including his original resignation email. . . ." (Certified Record (C.R.) at No. 2, Exhibit B).

By letter dated April 14, 2015, the Borough granted the request, in part, and denied the request, in part. The Borough stated that it previously provided the requested pages from Officer Cleck's employment application and would provide the same again, but denied the request for emails because it maintained that the Borough Council President performed a good-faith search and failed to locate any responsive records.

On April 16, 2015, Requestor filed an appeal to the OOR, arguing that the emails sought "fall under the scope of the Borough's records retention policy, thus should be archived." (Certified Record at No. 2, Exhibit D). Thereafter, the OOR issued a notice to the parties, advising of the receipt of Requestor's appeal and permitting the parties to supplement the record and submit legal argument within seven business days. Neither party responded to the OOR.[2]

On May 13, 2015, the OOR issued a final determination granting Requestor's appeal and directing the Borough to provide all responsive records to Requestor within thirty days. The OOR reasoned that:

> Section 708 of the RTKL clearly places the burden of proof on the Borough to demonstrate that a record is exempt. In the present case, the Borough did not comply with the RTKL by failing to provide any factual or legal support for denying access to the responsive record. Based on the Borough's failure to provide an evidentiary basis in support of an exemption under the RTKL, the Borough did not meet

---

[2] According to the Borough, the notice of appeal was addressed to the Borough's Open Records Officer and the Borough's Solicitor never received notice of the appeal until receipt of the OOR's final determination.

2

its burden under the RTKL. The OOR is mindful that an agency cannot produce records that do not exist within its "possession, custody or control" and, accordingly, is not ordering the creation of any records listed in the Request. Absent an agency providing a sufficient evidentiary basis as to whether any responsive records exist in the first place, however, the OOR will order the disclosure of responsive public records.

(C.R. at No. 2, Exhibit A) (citations omitted).

The Borough filed a petition for reconsideration of the OOR's final determination, asserting that it failed to respond to the OOR and supplement the record due to an oversight. Consequently, the Borough submitted an affidavit with its petition from the Borough Council President, Elmer D. Beaver, wherein he attested that he performed a good-faith search and failed to locate any responsive records. Additionally, the Borough asserted that the OOR erred in failing to develop an adequate factual record for appeal.

The OOR denied the Borough's petition for reconsideration because the petition requested that the OOR consider new evidence, which the OOR maintained is prohibited by its procedural guidelines.

The Borough appealed the OOR's final determination to the trial court, arguing that it cannot comply with the OOR's directive because the Borough does not possess any emails that are responsive to the request. The Borough also submitted Beaver's affidavit, stating that he conducted a good-faith search for the responsive records and discovered no emails on the Borough email server that met the Requestor's criteria, except for an email that had already been provided. According to Beaver's affidavit, there were no other responsive records in the possession, custody, or control of the Borough. The trial court subsequently conducted a hearing.

At the hearing, Beaver testified that he is the President of the Borough Council and was acting interim manager when the RTKL request was filed. In response to the RTKL request, Beaver explained that he located the email that was sent from Mr. Cleck to Mr. Beard stating that he was resigning due to lack of work, which had previously been provided to Requestor. Beaver further explained that he searched for Mr. Beard's response to the resignation in his "sent" folder, but noted that the folder contained very few items. According to Beaver, the setting for the "inbox" folder was set to never delete items; however, he discovered that the "sent" folder setting was set to delete items after 120 days. Beaver noted that he immediately changed the setting to prevent future deletion unless performed manually and reported that he did not locate any responsive emails. (Notes of Testimony (N.T.) at 12-13.)

Beaver acknowledged that the Borough's record retention policy states that emails will not be deleted and confirmed that policy has been in place for at least ten years. He further explained that Comcast advised him that an email cannot be retrieved after it has been deleted. (N.T. at 14-17.)

Additionally, the trial court admitted into the record: the RTKL request; the Borough's denial letter; Requestor's appeal to the OOR; a letter from the OOR to the parties advising of the appeal; the OOR's final determination; the Borough's petition for reconsideration of the OOR's determination; the OOR's order denying the Borough's request for reconsideration; and Beaver's affidavit.

By order dated November 23, 2015, the trial court reversed the OOR's determination. In its decision, the trial court noted that the Borough submitted an affidavit, wherein Beaver attested that he searched for emails from the Borough server within Requestor's criteria and could not locate any responsive records except

4

what had already been provided. The trial court further noted that public officials are presumed to have acted lawfully and in good faith until facts showing otherwise are averred. According to the trial court, the record contained no evidence that the Borough acted unlawfully or in bad faith. Accordingly, the trial court accepted Beaver's attestation as true and concluded that the Borough met its burden to establish that no other responsive records are in its possession. Requestor appealed the trial court's determination to this Court.[3]

On appeal,[4] Requestor argues that the trial court erred because: the Borough failed to provide any evidentiary basis for denying access to the responsive records; the Borough violated its own records retention policy; the Borough obstructed justice by precluding Requestor from accessing documents that have evidentiary value to him;[5] and, the trial court obstructed justice by approving the Borough's improper conduct. Additionally, Requestor argues that the Borough should be investigated to determine the extent of its criminality for its failure to preserve public records.

Conversely, the Borough argues that the trial court's order was proper because the RTKL does not require the Borough to produce records that do not exist.

---

[3] Requestor originally filed an appeal with the Superior Court of Pennsylvania. By per curiam order filed April 14, 2016, the matter was transferred to this Court.

[4] "Our scope of review in a RTKL case where the trial court sits as a reviewing court is whether the trial court committed an error of law and whether its findings of fact are supported by substantial evidence." *Paint Township v. Clark*, 109 A.3d 796, 803 n.5 (Pa. Cmwlth. 2015).

[5] The record is unclear what evidentiary value the records may have to Requester because he testified that Officer Cleck did not arrest him and only spoke to him on a single occasion. (N.T. at 8.) According to Requestor, Officer Cleck "asked me about the case that I'm currently incarcerated on, which has nothing to do with my current request." (N.T. at 9.)

## Discussion

"Under the RTKL, an agency bears the burden of demonstrating that it has reasonably searched its records to establish that a record does not exist." *Department of Labor and Industry v. Earley*, 126 A.3d 355, 357 (Pa. Cmwlth. 2015). "An affidavit may serve as sufficient evidence of the non-existence of requested records." *Id*. If the requested record does not exist, the agency is not required to create a record. *Hodges v. Department of Health*, 29 A.3d 1190, 1192 (Pa. Cmwlth. 2011).

Here, the record contains an affidavit from the Borough Council President indicating that he searched the Borough's server for any responsive records and was unable to locate the same. The trial court accepted Beaver's affidavit as true and concluded that the Borough met its burden to establish that there were no additional responsive records in its possession. In addition, Beaver testified that Comcast advised him that an email cannot be retrieved after it has been deleted. Because an affidavit may serve as sufficient evidence of the non-existence of a requested record, we discern no error in the trial court's determination that the Borough met its burden and Requestor's contrary argument is unpersuasive.[6]

---

[6] Notably, in *Paint Township v. Clark*, 109 A.3d 796 (Pa. Cmwlth. 2015), this Court reversed a common pleas court's determination requiring disclosure of information because its finding that certain phone metadata was recoverable was not supported by the record. Nevertheless, on remand, we directed the submission of affidavits from a township employee detailing the search of the phone and discussing whether any discernable information or data exists. The present matter is distinguishable from *Paint Township* because the trial court made no finding that the requested emails were recoverable, nor has Requestor raised the possibility that the emails could be recovered. Therefore, our holding is limited to a determination that the Borough met its burden of establishing the non-existence of a requested record because it submitted an affidavit indicating that a good-faith search was performed which failed to locate any responsive records.

Additionally, the record does not support Requestor's allegations of impropriety and criminality against the Borough and the trial court.

"Public officials are presumed to have acted lawfully and in good faith until facts showing the contrary are averred, or in a proper case are averred and proved." *Robinson v. City of Philadelphia*, 161 A.2d 1, 5 (Pa. 1960). Here, although Beaver testified that the Borough's record retention policy states that no emails will be deleted, he also testified that the relevant emails were automatically deleted based on an error in the email account's settings. Beaver further testified that he changed the settings upon discovery of the error to prevent any future deletion unless performed manually. Requestor's bald accusations of impropriety, without any support in the record, are insufficient to overcome the presumption that the Borough's officials acted lawfully and in good faith. Therefore, we agree with the trial court that Requestor's argument that the Borough obstructed justice and engaged in improper conduct is unsupported by the record.

Accordingly, the trial court's order is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Borough of Paxtang          :
                             :   No. 596 C.D. 2016
          v.            :
                             :
Charles Hoyer,          :
            Appellant     :

# ***ORDER***

AND NOW, this 3rd day of March, 2017, the November 23, 2015 order of the Court of Common Pleas of Dauphin County is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge