IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Billy Moore,                              :
          Petitioner                :
                                    :
          v.                        :  No. 1638 C.D. 2016
                                    :  Submitted: February 24, 2017
Department of Corrections,                :
          Respondent                :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT         FILED: September 21, 2017

Billy Moore petitions for review of a final determination of the Office of Open Records (OOR) denying his appeal under the Right-to-Know Law.[1] In doing so, the OOR affirmed the Department of Corrections' denial of Moore's request for the names of two correctional employees for the stated reason that the requested records do not exist. Because the Department did not satisfy its burden of proof, we vacate the OOR's final determination and remand for further proceedings.

Moore is an inmate incarcerated at the State Correctional Institution (SCI) at Albion. On June 20, 2016, he filed a Right-to-Know request with the Department's Open Records Officer, seeking the names of the law librarian and paralegal who worked on his appeal under the Post Conviction Relief Act (PCRA), 42 Pa. C.S. §§9541-9546, in 2010 while Moore was incarcerated at SCI-Coal Township. *See Commonwealth v. Moore* (Pa. Super., No. 398 WDA 2010, filed

_____

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101 – 67.3104.

August 6, 2010).[2] The Open Records Officer denied Moore's request on the grounds that "[t]he record(s) that you requested do not currently exist." Certified Record (C.R.), Item No. 1, at 2. On August 5, 2016, Moore appealed to the OOR. On August 10, 2016, the Department submitted a position statement and the Open Records Officer's unsworn attestation that he reviewed Moore's request, researched the Department's records and confirmed that no responsive records exist within the Department's possession or control.

The OOR elected not to hold a hearing and denied Moore's appeal in a final determination dated September 1, 2016. The OOR explained that, in the absence of any competent evidence that the Department possesses the requested records or acted in bad faith, it would accept the averments in the Open Records Officer's statement as true. The OOR noted that Moore did not submit any evidence to challenge the Open Records Officer's statement. Thus, the OOR held that based on the evidence provided, the Department "met its burden of proving that the records requested do not exist in the Department's possession, custody or control." C.R., Item No. 4, at 1. Moore petitioned for this Court's review.

On appeal,[3] Moore raises a number of issues that are difficult to understand. The gist of his appeal is that the information he seeks from the Department must exist; therefore, the OOR's final determination is not supported by substantial evidence. The Department responds that it cannot be compelled to create a record that does not exist and that it offered substantial evidence, in the

---

[2] The Superior Court quashed Moore's PCRA appeal because his brief was devoid of any legal argument in support of his claim that his trial counsel rendered ineffective assistance.

[3] This Court's standard of review of a final determination of the OOR is *de novo* and our scope of review is plenary. *Bowling v. Office of Open Records*, 75 A.3d 453, 477 (Pa. 2013).

form of its Open Records Officer's attestation, that the records Moore requested do not exist.

The Right-to-Know Law is "designed to promote access to official government information in order to prohibit secrets, scrutinize the actions of public officials, and make public officials accountable for their actions." *Hodges v. Department of Health*, 29 A.3d 1190, 1192 (Pa. Cmwlth. 2011) (citation omitted). An agency has no duty, however, to create a record that does not exist or compile a record in a new or novel format. Section 705 of the Right-to-Know Law states:

> When responding to a request for access, an agency shall not be required to create a record which does not currently exist or to compile, maintain, format or organize a record in a manner in which the agency does not currently compile, maintain, format or organize the record.

65 P.S. §67.705.

An agency responding to a Right-to-Know request bears the burden of proving by a preponderance of evidence that a record does not exist or is exempt from disclosure. Section 708(a) of the Right-to-Know Law, 65 P.S. §67.708(a). "[A]n agency may satisfy its burden of proof that it does not possess a requested record with either an unsworn attestation by the person who searched for the record or a sworn affidavit of nonexistence of the record." *Hodges*, 29 A.3d at 1192 (citing *Moore v. Office of Open Records*, 992 A.2d 907, 908-09 (Pa. Cmwlth. 2010)). In this context,

> [a]ffidavits are the means through which a governmental agency details the search it conducted for the documents requested and justifies nondisclosure of the requested documents under each exemption upon which it relied upon. *The affidavits must be detailed, nonconclusory, and submitted in good faith. ... In other words, a generic determination or*

3

*conclusory statements are not sufficient to justify the exemption of public records*.

*Office of Governor v. Scolforo*, 65 A.3d 1095, 1103 (Pa. Cmwlth. 2013) (citation omitted) (emphasis added).

Here, the Department offered the following written "declaration" by its Open Records Officer:

> I, Andrew Filkosky, hereby declare under the penalty of unsworn falsifications, pursuant to 18 Pa. C.S. §4904, that the following statements are true and correct based upon my personal knowledge, information, and belief:
>
> 1. Currently, the Pennsylvania Department of Corrections ("Department") employs me [as] the Agency Open Records Officer ("AORO").
>
> 2. I was appointed to my current position as the AORO in July of 2008.
>
> 3. I am responsible for logging in and issuing responses to all Right-to-Know Law ("RTKL") requests received by the Department.
>
> 4. On June 20, 2016, the Department received a RTKL request from Billy Moore (LM0104).
>
> 5. The request was filed under RTKL #0762-16.
>
> 6. The request was for "the names = law librarian – in – 2010 – SCI-Coal Township or – paralegal – who worked for the Department of Corrections PCRA appeal to the Superior Court in 8-6-2010 in the case of *Commonwealth v. Billy Moore*, 348 WDA 2010. When I was incarcerated at SCI-Coal Township in 2010." *See* Request.
>
> 7. The Department denied the request because the record does not exist.
>
> 8. As part of my job duties, I reviewed the request and researched it to determine whether any of the requested records exist within in [sic] the Department's possession.

4

9. After a reasonable search, no responsive records exist within the Department's custody, possession or control.

C.R., Item No. 3, at 2.

Moore's request seeks two different pieces of information: (1) the names of the law librarian and paralegal who worked at SCI-Coal Township in 2010, and (2) the names of the prison employees who assisted him in preparing his PCRA appeal. The latter request would presumably require the Open Records Officer to interview current or former employees, thereby creating a record that does not currently exist. Because the Open Records Officer is not required to create a record, an affidavit is arguably not even necessary. *See* Section 705 of the Right-to-Know Law, 65 P.S. §67.705.

The analysis is different with regard to Moore's request for the identity of the individuals employed as librarian and paralegal at SCI-Coal Township in 2010. The Open Records Officer's conclusory and generic declaration is insufficient to satisfy the Department's burden of proof. *Cf. Scolforo,* 65 A.3d at 1103. To support his conclusion that "no responsive records exist within the Department's custody, possession or control," the Open Records Officer states only that he "reviewed [Moore's] request and researched it." More details are needed about this research, including, at a minimum, a description of the records he reviewed. This lack of detail is especially glaring in this case since the Department should have existing records of the names of its current and former employees.

For all these reasons, we vacate the OOR's final determination and remand this matter for further proceedings. The Department is directed to

5

supplement the written declaration of its Open Records Officer to include the above-described information.

_____
MARY HANNAH LEAVITT, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Billy Moore,                                          :
          Petitioner                 :
                            :
         v.                                         :  No. 1638 C.D. 2016
                            :
Department of Corrections,                  :
          Respondent               :

# **O R D E R**

AND NOW, this 21st day of September, 2017, the Final Determination of the Office of Open Records in the above-captioned matter, dated September 1, 2016, is VACATED and this matter is REMANDED for further proceedings in which the Department of Corrections shall supplement the record in accordance with the attached opinion.

        Jurisdiction relinquished.

 

_____
MARY HANNAH LEAVITT, President Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Billy Moore,                          :
               Petitioner                :
                                  :
         v.                     :  No. 1638 C.D. 2016
                                  :  Submitted: February 24, 2017
Department of Corrections,            :
               Respondent                :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
             HONORABLE PATRICIA A. McCULLOUGH, Judge
             HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED


**DISSENTING OPINION BY**
**SENIOR JUDGE COLINS**                 **FILED: September 21, 2017**

       Petitioner and the majority are asking Respondent to create a record. The attestation that no such record exists is sufficient in that, while the Respondent would know the names of any law librarians or paralegals who worked for Respondent at SCI-Coal Township, I do not believe that Respondent is obligated to interview these people in order to determine who worked on Petitioner's appeal so as to create a record for Petitioner. The Petitioner should know to whom he was speaking and when he spoke to them.


                          **JAMES GARDNER COLINS, Senior Judge**