# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gregory Dunbar,                          :
                                         :
                    Petitioner           :
                                         :
            v.                           : No. 1684 C.D. 2017
                                         : Submitted: March 16, 2018
                                         :
Pennsylvania State Police,               :
                                         :
                    Respondent           :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                               FILED:  August 23, 2018

Gregory Dunbar (Requester), *pro se*, petitions for review from a final determination of the Office of Open Records (OOR) that denied his appeal from the Pennsylvania State Police's (PSP) denial of his request under the Right-to-Know Law (RTKL).[1]  Requester argues that PSP did not meet its burden of proving that it does not have certain records responsive to the request in its possession, control or custody.  Upon review, we affirm.

Requester, who is an inmate at the State Correctional Institution at Greene, filed a request seeking (1) the names of two state troopers who interviewed him on August 2, 2017, and (2) "the [PSP]'s 'ethical duties' concerning

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

investigations of private complaints within Cumberland County filed by State prisoners" (Request). Supplemental Reproduced Record (S.R.R.) at 1b.

PSP granted the first part of the Request by providing the names of the State Troopers. However, PSP denied the second part of the Request seeking "ethical duties." In support of the denial, William Rozier, PSP's Open Records Officer, verified that no records responsive to this portion of the Request existed within PSP's possession, custody or control.

Requester appealed to OOR challenging the denial and the veracity of Rozier's statement. Requester included a copy of PSP Field Regulation 7-1, which instructs troopers how to respond to inmate complaints, and a Department of Corrections Policy No. DC-ADM 004, dated June 4, 1989, identifying PSP as the investigating agency. He claims that PSP Field Regulation 7-1 is responsive to the Request, but this record was not provided by PSP. OOR invited the parties to submit information and legal argument in support of their positions. PSP submitted a position statement, along with the sworn affidavit of Rozier that no records responsive to the request for PSP's "ethical duties" exist in PSP's possession, custody or control (Rozier Affidavit). Rozier further attested that PSP Field Regulation 7-1 does not dictate troopers' ethical duties; thus, the regulation is not responsive to the Request.

OOR determined that PSP met its burden of proving that responsive records do not exist in its possession, custody or control based on the Rozier Affidavit. OOR denied Requester's appeal and directed PSP to take no further action.

Requester then petitioned this Court for review.[2]  Requester contends that PSP did not act in good faith or meet its burden of proving that there are no responsive records in its possession, custody or control.  He asserts that the Rozier Affidavit amounts to a violation of Sections 4911(a)(1) and 4904 of the Crimes Code, 18 Pa. C.S. §§4911(a)(1)[3] and 4904,[4] pertaining to false statements, based on PSP Field Regulation 7-1, which he claims is responsive to his Request.  He argues that OOR's final determination is arbitrary and capricious because it is based on Rozier's false affidavit.[5]

"A written request should identify or describe the records sought with sufficient specificity to enable the agency to ascertain which records are being requested . . . ."  Section 703 of the RTKL, 65 P.S. §67.703.  Section 901 of the RTKL mandates:

---

[2] In appeals from determinations made by OOR involving Commonwealth agencies, our standard of review is *de novo* and our scope of review is plenary.  *Bowling v. Office of Open Records*, 75 A.3d 453, 477 (Pa. 2013).

[3] Section 4911(a)(1) provides:

> (a) Offense defined.–A person commits an offense if he:
>
>> (1) knowingly makes a false entry in, or false alteration of, any record, document or thing belonging to, or received or kept by, the government for information or record, or required by law to be kept by others for information of the government; . . . .

18 Pa. C.S. §4911(a)(1).

[4] Section 4904 penalizes unsworn falsification to authorities.

[5] To be arbitrary and capricious, there must be a "willful and deliberate disregard" of the evidence submitted, "which one of ordinary intelligence could not possibly have avoided in reaching a result."  *Pocono Manor Investors, LP v. Pennsylvania Gaming Control Board*, 927 A.2d 209, 216 (Pa. 2007).

> Upon receipt of a written request for access to a record, an *agency shall make a good faith effort to determine* if the record requested is a public record, legislative record or financial record and *whether the agency has possession, custody or control of the identified record*, and to respond as promptly as possible under the circumstances existing at the time of the request.

65 P.S. §67.901 (emphasis added).

"If the agency responding to the RTKL request determines that the record does not exist, it has '[t]he burden of proving [that the] record does not exist.'" *Smith Butz, LLC v. Pennsylvania Department of Environmental Protection*, 142 A.3d 941, 945 (Pa. Cmwlth. 2016) (quoting *Hodges v. Pennsylvania Department of Health*, 29 A.3d 1190, 1192 (Pa. Cmwlth. 2011)). An agency may satisfy its burden of proof that it does not possess a requested record with a sworn affidavit of its nonexistence. *Id.* Absent evidence of bad faith, the veracity of an agency's submissions should be accepted as true. *McGowan v. Pennsylvania Department of Environmental Protection*, 103 A.3d 374, 382-83 (Pa. Cmwlth. 2014).

Here, in support of its denial to the extent that the Request sought records pertaining to PSP's "ethical duties," PSP submitted the Rozier Affidavit. In the Affidavit, Rozier stated that PSP's Right to Know Office contacted PSP's Bureau of Research and Development (Bureau), which is responsible for maintaining PSP regulations. S.R.R. at 23b. The Bureau determined that there were no records responsive to the Request. *Id.* Rozier attested under penalty of law that "PSP does not have any records in its possession, control or custody that [are] responsive to this [R]equest." *Id.*

Requester claims that the Rozier Affidavit is false and that PSP has acted in bad faith based on PSP's Field Regulation 7-1, which he claims is responsive to his Request and proves the falsity of the Affidavit. The Rozier Affidavit addresses

4

the regulation. "While this document directs how PSP Troopers respond to inmate complaints, it is not a document which provides what their 'ethical duties' are when investigating 'private complaints . . . filed by State prisoners.'" S.R.R. at 23b. Rozier continues: "What moral principles or moral values PSP Troopers are to adhere to when investigating prisoner complaints is not provided in Field Regulation 7-1, thus PSP did not act in bad faith when responding to the [R]equest." *Id.*

Upon review, Field Regulation 7-1 states that the purpose of the regulation is to "establish standard procedures concerning response to written complaints received from inmates from the Department of Corrections." S.R.R. at 11b. It details procedures for investigating criminal complaints, beginning with assignment and continuing through the termination of the investigation. *Id.* It also outlines the supervisor's responsibilities. *Id.* The procedures contained in the regulation are just that, procedures. The regulation does not address PSP's "ethical duties." Ethics generally refers to "the discipline dealing with what is good and bad with moral duty and obligation" or professional standards of conduct. Merriam-Webster's Collegiate Dictionary 426 (9th ed. 1987); *accord* Black's Law Dictionary 553 (6th ed. 1990) ("Of or relating to moral action, conduct, motive or character; . . . treating of moral feelings, duties or conduct; containing precepts of morality; moral[;] . . . conforming to professional standards of conduct."); *see, e.g.*, The Code of Judicial Conduct (a standard for guiding judicial ethics). Because the field regulation does not establish or address ethical duties, moral values, or standards of conduct of state troopers in the furtherance of their duties, Field Regulation 7-1 is neither responsive to the Request, nor evidence of bad faith. Absent evidence of bad faith, we accept the averments of Rozier as true that there are no responsive records in the possession, custody or control of PSP. *See McGowan*, 103 A.3d at 382-83.

5

Accordingly, we affirm.

_____

MICHAEL H. WOJCIK, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gregory Dunbar,        :
                      :
           Petitioner   :
                      :
         v.        : No. 1684 C.D. 2017
                      :
                      :
Pennsylvania State Police,   :
                      :
        Respondent :

## O R D E R

AND NOW, this 23rd day of August, 2018, the determination of the Office of Open Records, dated October 27, 2017, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge