IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alonzo Hodges, :
                 Petitioner :
                          :
          v. : No. 518 C.D. 2022
                          : Submitted: February 24, 2023
Department of Corrections :
(Office of Open Records), :
               Respondent :

BEFORE:   HONORABLE CHRISTINE FIZZANO CANNON, Judge
             HONORABLE ELLEN CEISLER, Judge
             HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                               FILED:  February 5, 2024

        Alonzo Hodges (Petitioner), *pro se*, has petitioned this Court to review the Final Determination, issued on May 12, 2022, by the Office of Open Records (OOR). Pursuant to the Right-to-Know Law (RTKL),[1] Petitioner sought records related to housing policies of the Department of Corrections (Department). The Department granted his request in part but denied access to certain housing policies based on several exemptions. Petitioner has not challenged those exemptions but instead asserts that the Department responded in bad faith and seeks sanctions, fees, and penalties. Upon our *de novo* review, we affirm.

## I. BACKGROUND

        Petitioner is an inmate incarcerated at the State Correctional Institution at Albion (SCI-Albion). On February 27, 2022, Petitioner filed a request with the

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

Department seeking the "policy or directive on the dorms on the L3 housing units at SCI-Albion." OOR Certified R. (C.R.), Ex. 1, Request, 2/27/22 (Request).[2]

On March 30, 2022, the Department issued a response, granting the request in part by providing three pages from the inmate handbook but denying the request in part to the extent that Department Policies 11.1.1 and 11.2.1 were exempt from disclosure. OOR C.R., Ex. 1, Final Resp., 3/30/22, at 3-4 (Final Resp.). Specifically, the Department asserted that the responsive policies were exempt under the personal security, public safety, criminal investigation, and noncriminal investigation exceptions of the RTKL. *See id.* (citing Section 708 of the RTKL, 65 P.S. § 67.708).

Petitioner appealed to the OOR, asserting that the Department had been nonresponsive. OOR C.R., Ex. 1, Appeal to OOR, 4/10/22, at 1-3 (Appeal to OOR). In his appeal, Petitioner did not challenge the Department's assertion that the policies were exempt from disclosure. *See id.* Rather, according to Petitioner, he "did not request the housing unit rules [as published in the inmate handbook] nor policies 11.1.1 and 11.2.1." *Id.* at 2. Further, to the extent no responsive policy exists, Petitioner asserted that the Department should "state or attest to that fact." *Id.*

The Department timely answered the appeal and submitted the Declaration of Kimberly Grant, Deputy Agency Open Records Officer (AORO), who

---

[2] Petitioner supplemented his request with a series of questions:

> For example, requirements for custody level status to be housed in the dorms, are they a privileged housing unit, are [corrections officers] and [sergeants] allowed to move inmates in or out of the dorms besides the unit manager, are there requirements as to how many inmates can be housed in a space with one toilet available for use (should there be a certain number of toilets for a certain number of inmates), and must an inmate in the dorm only move out if there is someone willing to move in, and can an inmate refuse the dorm, etc. . . . If there is a policy that explains the examples used above please [send] me that policy or directive.

Request.

declared that there were no further responsive records in the Department's possession. OOR C.R., Ex. 3, Decl., 4/26/22 (Declaration).[3]

Upon review, the OOR denied Petitioner's appeal. OOR C.R., Ex. 4, Final Determination, 5/12/22 (Final Determination). The OOR specifically noted that Petitioner had waived any challenge to the Department's determination that the relevant housing policies were exempt from disclosure. *Id.* at 2 n.1. Further,

---

[3] In relevant part and under penalty of unsworn falsification pursuant to 18 Pa.C.S. § 4904, Deputy AORO Grant declared the following:

> 4. On March 4, 2022, the Department received an RTKL request from Alonzo Hodges seeking the "the DOC policy or directive on the dorms on the L3 housing units at SCI-Albion." *See* Request.
>
> 5. In response to Mr. Hodges' request, I contacted Diane Kashmere, the Department's former Statewide Policy Coordinator, as well as SCI-Albion staff, who would likely possess such records if they existed.
>
> 6. Ms. Kashmere informed me that the responsive records regarding housing inmates in dorms are contained within Departmental Policies 11.1.1 and 11.2.1, as well as certain pages within the Inmate Handbook.
>
> 7. As part of the Final Response in this matter, Mr. Hodges was provided with three (3) pages of responsive records, specifically pages from the Inmate Handbook which contained some of the requested information on dorm housing.
>
> 8. Departmental Policies 11.1.1 and 11.2.2 are confidential and were denied as part of my Final Response in this matter.
>
> 9. However, in his Appeal, Mr. Hodges disavows Departmental Policies 11.1.1. and 11.2.1 as being responsive and indicates he does not want copies of those policies.
>
> 10. Major Zillman from SCI-Albion confirmed the responsiveness of the records identified by Ms. Kashmere.
>
> 11. Ms. Kashmere and Major Zillman indicated that the three (3) pages of responsive documents provided to Mr. Hodges, as well as the two confidential Departmental Policies identified in the Final Response, constitute all responsive information within the Department's possession covering the information specified within his RTKL Request.
>
> 12. Therefore, after conducting a good faith search in response to Mr. Hodges' RTKL Request as described above, I can state here that the Department does not possess any additional responsive records to the RTKL Request.

Declaration at 1-2.

3

according to the OOR, the Department's interpretation of Petitioner's Request was reasonable, and Deputy AORO Grant's Declaration was sufficient to establish that the Department possessed no other responsive records. *Id.* at 6.

Thereafter, Petitioner timely sought review in this Court.

## II. ISSUE

Petitioner asserts that the Department's response to his request was inadequate. *See generally* Pet'r's Br. According to Petitioner, he posed a series of specific questions for the Department to answer. *See id.* at 1-2. However, Petitioner maintains, the Department's response "was meant to deceive him . . . ." *Id.* at 1; *see also id.* at 3-5. Indeed, according to Petitioner, the Department mislabeled Policies 11.1.1 and 11.2.2 as confidential, unaware that Petitioner already possessed them and would discern the Department's deceit.[4] *Id.*; *see also id.* at 5-9. Rather, Petitioner asserts that the Department should have responded that it lacked possession of responsive records. *Id.* at 1. For these reasons, Petitioner seeks "the maximum sanction," as well as reasonable attorneys' fees and civil penalties. *Id.* at 9.[5]

In response, the Department contends that substantial evidence supports the OOR's Final Determination. Dep't's Br. at 6. According to the Department, Deputy AORO Grant's interpretation of Petitioner's request was reasonable, she conducted a good-faith search for responsive records, and she disclosed those

---

[4] Apparently, Petitioner obtained a portion of the tables of contents outlining the policies. *See* Ancillary Pet. for Review, 6/15/22, Ex. 9.

[5] In support of his claims, Petitioner principally relies on *Uniontown Newspapers, Inc. v. Pennsylvania Department of Corrections*, 243 A.3d 19 (Pa. 2020), which is inapposite. In that case, the Supreme Court affirmed a decision of this Court to award sanctions and attorneys' fees based on the Department's bad faith and knowing disregard of a requester's rights to access reports documenting illnesses contracted by inmates and staff members following their potential exposure to toxic coal waste. *Uniontown Newspapers, Inc.*, 243 A.3d at 21-24. There has been no finding of bad faith in this case; Petitioner has presented no evidence of bad faith to this Court; and we note that Petitioner was granted leave to proceed *in forma pauperis* and has proceeded *pro se*. *See* Order, 7/15/22. Thus, there is no basis for an award of sanctions, attorneys' fees, or civil penalties.

responsive records not otherwise exempt as confidential. *See id.* at 8-10. Additionally, the Department maintains, Petitioner has not established bad faith or that additional responsive records exist. *See id.* at 10.

## III. DISCUSSION[6]

The RTKL is "remedial legislation designed to promote access to official government information in order to prohibit secrets, scrutinize the actions of public officials, and make public officials accountable for their actions . . . ." *Bowling v. Off. of Open Recs.*, 990 A.2d 813, 824 (Pa. Cmwlth. 2010), *aff'd*, 75 A.3d 453 (Pa. 2013). We must liberally construe its provisions to effectuate this purpose. *Levy v. Senate of Pa.*, 65 A.3d 361, 381 (Pa. 2013).

Upon request, an agency is required to disclose information falling within the RTKL's broad definition of "record." *Hodges*, 29 A.3d at 1192; *see* Sections 102 and 901 of the RTKL, 65 P.S. §§ 67.102, 67.901.[7] However, "the RTKL

---

[6] We independently review a final determination of the OOR and may substitute our own findings of fact; our scope of review is plenary. *Hodges v. Pa. Dep't of Health*, 29 A.3d 1190, 1192 n.6 (Pa. Cmwlth. 2011); *see* Section 1301(a) of the RTKL, 65 P.S. § 67.1301(a).

[7] The RTKL defines "record" as

> [i]nformation, regardless of physical form or characteristics, that documents a transaction or activity of an agency and that is created, received or retained pursuant to law or in connection with a transaction, business or activity of the agency. The term includes a document, paper, letter, map, book, tape, photograph, film or sound recording, information stored or maintained electronically and a data-processed or image-processed document.

65 P.S. § 67.102.

Section 901 provides:

> Upon receipt of a written request for access to a record, an agency shall make a good faith effort to determine if the record requested is a public record, legislative record or financial record and whether the agency has possession, custody or control of the identified record, and to respond as promptly as possible under the circumstances existing at the time of the request. All applicable fees shall be paid in order to receive access to the record requested. The time for response shall not exceed five business days from the date the written request is received by the open-records officer for an agency. If the

is not a forum for the public to demand answers to specifically posed questions to either a Commonwealth or local agency." *Walker v. Pa. Ins. Dep't* (Pa. Cmwlth., No. 1485 C.D. 2011, filed June 15, 2012), slip op. at 12; *accord Gingrich v. Pa. Game Comm'n* (Pa. Cmwlth., No. 1254 C.D. 2011, filed Jan. 12, 2012), slip op. at 11 (rejecting a requester's argument that the RTKL requires an agency to research the answers to questions).[8]  Further, an agency need not create a record that does not currently exist or compile records into a new or novel format.  *Hodges*, 29 A.3d at 1192; *see* Section 705 of the RTKL, 65 P.S. § 67.705.[9]

The responding agency bears the burden to prove a record does not exist by a preponderance of the evidence.  *Hodges*, 29 A.3d at 1192 (citing Section 708 of the RTKL).[10]  "[A]n agency may satisfy its burden of proof that it does not possess a requested record with either an unsworn attestation by the person who searched for the record or a sworn affidavit of nonexistence of the record."  *Id.*; *see also, e.g.*, *Reaves v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 393 C.D. 2013, filed Nov. 15,

---

agency fails to send the response within five business days of receipt of the written request for access, the written request for access shall be deemed denied.

65 P.S. § 67.901.

[8] We may cite to unreported decisions of this Court, issued after January 15, 2008, for their persuasive value.  *See* 210 Pa. Code § 69.414(a).

[9] Section 705 provides:

When responding to a request for access, an agency shall not be required to create a record which does not currently exist or to compile, maintain, format or organize a record in a manner in which the agency does not currently compile, maintain, format or organize the record.

65 P.S. § 67.705.

[10] Section 708 of the RTKL quantifies the burden of proof required to establish an exemption from disclosure.  *See* 65 P.S. § 67.708(a).  Thus, a responding agency must establish an exemption by the preponderance of the evidence.  *See, e.g.*, *Carey v. Pa. Dep't of Corr.*, 61 A.3d 367, 374-377 (Pa. Cmwlth. 2013) (considering the Department's evidence supporting a public safety exemption). "A preponderance of the evidence standard, the lowest evidentiary standard, is tantamount to 'a more likely than not' inquiry."  *Id.* at 374.  The *Hodges* Court required the same level of proof to establish the nonexistence of a record.  *Hodges*, 29 A.3d at 1192-93.

2013) (similarly recognizing that an agency may establish the nonexistence of a record with an unsworn attestation).

Finally, the agency must respond to a request for records in good faith. *See Smith Butz, LLC v. Pa. Dep't of Env't Prot.*, 142 A.3d 941, 945 (Pa. Cmwlth. 2016); Section 901 of the RTKL, 65 P.S. § 67.901. Therefore, an agency must interpret a request reasonably. *See In re Melamed*, 287 A.3d 491, 499 n.15 (Pa. Cmwlth. 2022) (citations omitted). Nevertheless, absent evidence of bad faith or that responsive records exist, averments in an agency affidavit that deny the existence of such records should be accepted as true. *Smith Butz, LLC*, 142 A.3d at 945.

In *Hodges*, the requester sought records from the state health department related to the licensing of prison health services. 29 A.3d at 1191. The department did not timely respond to the request, and so it was deemed denied. *Id.* The requester appealed to the OOR. *Id.* In response, the department submitted an unsworn affidavit from its open records officer, attesting that she had conducted a good-faith inquiry and, based on the information provided to her, affirmed that the department did not possess responsive records. *Id.* Based on this evidence, the OOR denied the appeal, and this Court agreed, stating, "with this [a]ffidavit, the [d]epartment met its burden of proof that the requested records do not exist in its possession." *Id.* at 1193.

Here, Petitioner submitted a request to the Department for its "policy or directive on the dorms on the L3 housing units at SCI-Albion." Request. To the extent Petitioner supplemented this request with a series of specific questions, *see id.*, the Department was not required to research and answer those questions. *See Walker*, slip op. at 12; *Gingrich*, slip op. at 11; Section 901 of the RTKL, 65 P.S. § 67.901. Nevertheless, the Department interpreted Petitioner's request as a request for records related to its bed assignment systems and housing policies. *See* Request; Final Resp. This interpretation was reasonable. *See In re Melamed*, 287 A.3d at 499 n.15.

7

In its response to Petitioner's request, the Department provided Petitioner with several pages from the inmate handbook but declined to provide him with responsive Department policies, asserting that the policies were exempt from disclosure on several grounds. *See* Final Resp. In his appeal to the OOR, Petitioner did not challenge the exemptions asserted by the Department. *See* Appeal to OOR. Rather, Petitioner specifically denied that he had requested the records deemed responsive by the Department. *Id.* at 2 ("I did not request the housing unit rules nor policies 11.1.1 and 11.2.1."). Notably, Petitioner offered no evidence suggesting that the Department had responded in bad faith.[11]

In support of its response, the Department submitted an affidavit prepared by Deputy AORO Grant. *See* Decl. Under penalty of unsworn falsification pursuant to 18 Pa.C.S. § 4904, Deputy AORO Grant described her efforts to ascertain whether the Department possessed records responsive to Petitioner's request and confirmed that the Department's response was adequate and accurate. *See id.* at 1-2. Per Deputy AORO Grant, "after conducting a good[-]faith search in response to [Petitioner's] RTKL Request . . . , [she] can state here that the Department does not possess any additional responsive records to the RTKL Request." *Id.* at 2. We find that the Declaration is sufficient to establish that the Department responded to Petitioner in good faith and does not possess any additional records that are responsive

---

[11] We acknowledge that Petitioner now asserts that the Department's bad faith is evident because the excerpts from the tables of contents to Department Policies 11.1.1 and 11.2.1 do not reference Petitioner's specific housing in the dorms on the L3 housing units at SCI-Albion. *See* Pet'r's Br. at 4. We disagree for several reasons. First, it does not appear that Petitioner submitted these excerpts to the OOR. *See* Appeal to OOR at 2 (baldly asserting that the policies do not apply to his housing unit). Second, it is unclear whether these excerpts are the complete tables of contents to those policies. *See* Ancillary Pet. for Review, 6/15/22, Ex. 9. Third, even if they are complete, the absence of any reference to Petitioner's specific housing unit does not mean that the substantive policies do not govern Petitioner's housing. Thus, we find that there is no evidence of bad faith.

to Petitioner's request.[12]  *See Smith Butz, LLC*, 142 A.3d at 945; *Hodges*, 29 A.3d at 1193.

## IV. CONCLUSION

In summary, based on the evidence in this case, we find as follows. Petitioner sought records related to the Department's housing policies.  The Department conducted a good-faith search for responsive records, granted Petitioner's request in part, and denied the request to the extent that responsive records were exempt from disclosure.  Petitioner has not challenged these exemptions.  The Department does not possess additional responsive records.  Accordingly, we affirm the OOR's Final Determination.  *See Hodges*, 29 A.3d at 1192 n.6; Section 1301(a) of the RTKL, 65 P.S. § 67.1301(a).

LORI A. DUMAS, Judge

---

[12] We note that a requester is not permitted to expand or modify a request on appeal.  *See Smith Butz, LLC*, 142 A.3d at 945.

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alonzo Hodges,             :
            Petitioner     :
                           :
           v.              :   No. 518 C.D. 2022
                           :
Department of Corrections    :
(Office of Open Records),     :
            Respondent    :

## **O R D E R**

AND NOW, this 5th day of February, 2024, the Final Determination of the Office of Open Records, issued on May 12, 2022, is AFFIRMED.

 

LORI A. DUMAS, Judge