IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Latif Alkhatib,                          :
                    Petitioner           :
                                         :
          v.                             :        No. 50 C.D. 2024
                                         :        Submitted: March 4, 2025
Department of Corrections (Office        :
of Open Records),                        :
                    Respondent           :

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE MARY HANNAH LEAVITT, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT                   FILED:  July 2, 2025

          Latif Alkhatib (Requester), *pro se*, petitions for review of a December 19, 2023, final determination of the Office of Open Records (OOR) denying his appeal under the Right-to-Know Law (RTKL).[1]  In so doing, the OOR upheld the decision of the Department of Corrections (Department) denying Requester's request for the names, addresses, and phone numbers of certain individuals within the Department's Labor Relations Division on the ground that responsive records do not exist.  We affirm.

          On September 27, 2023, Requester, an inmate at the State Correctional Institution Houtzdale, submitted a request to the Department under the RTKL (Request) for the following records:

          I request the name, address, and phone number for the Chief and Supervisor(s) of the Labor Relations Division Eastern Region

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

Section and Western Region Section established under policy 4.1.1 Section 1.A.4., pursuant to DC-ADM 003 IV.B.1.d.

Certified Record (C.R.), Item 1 at 2.

By letter of September 28, 2023, the Department acknowledged its receipt of the Request and extended its response date to November 3, 2023. On October 11, 2023, the Department denied the Request for the stated reason that "[t]he record(s) that [Requester] requested do not currently exist." C.R., Item 1 at 4. The Department noted that the Office of Administration may have the requested records. *Id*.

Requester appealed the Department's response to the OOR, which invited both parties to supplement the record. Requester challenged the denial based upon Department Policy 4.1.1, Section 1.A.4 (relating to organization of human resources and labor relations), which he submitted into the record. *See* C.R., Item 5 at 9. That policy states, in part, as follows:

> Section 1- Organization of Human Resources and Labor Relations
>
> A. Divisions
>
> The Bureau of Human Resources (BHR) is divided into three divisions (Workforce Management, Employee Services and Labor Relations), which are responsible for various Commonwealth Human Resource programs as outlined on the Table of Organization (Attachment 1-A).
>
> . . . .
>
> 4. The Labor Relations Division is *divided into two sections that are headed by Section Supervisors who report to the Division Chief. These sections include the Eastern Region Section and the Western Region Section*.

C.R., Item 5 at 9 (emphasis in the original).

2

The Department submitted a position statement reiterating its grounds for denial. It also submitted the declaration of Mandy Han, its Deputy Open Records Officer, who attested as follows:

1. Currently, the [ ] Department [ ] employs me as its Deputy Agency Open Records Officer ("AORO").

2. I have been employed by the Commonwealth of Pennsylvania since 2015, and was appointed to my current position as the Department's Deputy AORO in October of 2022.

3. In my current role as Deputy AORO, I am responsible for logging in and issuing responses to [RTKL] requests received by the Department, as well as coordinating the research and information-gathering efforts in response to such requests.

4. On September 207[sic], 2023, the Department received an RTKL Request from [Requester] which was internally docketed as RTKL #0962-23, seeking the name[,] address[,] and phone number of the Labor Relation Division Eastern Region Section and Western Region Section . . ." []

5. In response to [Requester's] RTKL Request, this office contacted the Department of Human Resources Office on September 27, 2023 to obtain the information.

6. *After making appropriate internal inquiries, the Department's Human Resources Office informed this office that the request was about Human Resource staff that belong to Office of Administration but working from the Department's Tech Park site. Therefore, the information will need to be provided by Office of Administration.* []

7. *As such, no documents exist in the Department[']s care[,] custody or control to which [Requester] seeks access to.*

C.R., Item 4 at 5 (emphasis added).

On December 19, 2023, the OOR denied Requester's appeal and held that the Department met its burden to show that it does not possess the records sought in the Request.

3

Requester appealed to this Court.

On appeal,[2] Requester argues that the OOR erred in determining that the Department met its burden of proving that it does not possess the records responsive to the Request. Requester contends that he has put forth evidence that the Department acted in bad faith because the requested records do, in fact, exist. In support, Requester points to the Department's September 28, 2023, letter, extending the final response date to November 3, 2023, for the stated reason that "[a] legal review is necessary to determine whether record requested *is subject to access* under the [RTKL]." C.R., Item 5 at 5 (emphasis added). This letter, read in conjunction with Department Policy 4.1.1, Section 1.A.4, suggests that the requested record "'do[es] exist,' whether or not it's subject to access under the [RTKL]." Requester Brief at 8. Requester contends that the Department's denial of the Request was done "under pretext of non-existence" of the requested record. *Id.*

In response, the Department argues that it is well established that an affidavit may serve as sufficient evidence of the non-existence of requested records. Department Brief at 3 (citing *Department of Labor and Industry v. Earley*, 126 A.3d 355, 357 (Pa. Cmwlth. 2015)). Requester submitted no evidence that the Department has acted in bad faith or that the requested records do, in fact, exist, and therefore, the averments in Han's declaration "should be accepted as true." Department Brief at 4.

---

[2] In appeals of OOR decisions, this Court is the ultimate factfinder. Section 1301(a) of the RTKL, 65 P.S. §67.1301(a). Accordingly, our standard of review of a final determination of the OOR is *de novo*, requiring no deference to the OOR. *Bowling v. Office of Open Records*, 75 A.3d 453, 476 (Pa. 2013). In addition, this Court is "entitled to the broadest scope of review[,]" covering all justiciable issues raised and preserved below. *Id.* at 477. This Court may substitute its own findings of fact for those of the OOR. *West Chester University of Pennsylvania v. Browne*, 71 A.3d 1064, 1067 n.4 (Pa. Cmwlth. 2013). We have the discretion to conduct a hearing, remand to the OOR, or accept additional evidence. *Id.*

An agency may satisfy its burden of proving that a record does not exist "with either an unsworn attestation by the person who searched for the record or a sworn affidavit of nonexistence of the record." *Pennsylvania Department of Health v. Mahon*, 283 A.3d 929, 936 (Pa. Cmwlth. 2022) (quoting *Hodges v. Pennsylvania Department of Health*, 29 A.3d 1190, 1192 (Pa. Cmwlth. 2011)).  In *Mahon*, the OOR granted an investigative reporter's request for, *inter alia*, written policies of the Department of Health describing how the agency tracked the use of its medical-marijuana program.  On appeal, the Department of Health argued that the OOR erred in disregarding its affidavit as competent evidence that responsive records on the requested written policies did not exist.  We agreed, stating a testimonial affidavit from an agency must be detailed and non-conclusory to establish a record is *exempt from disclosure*.  However, affidavits that documents were not in agency's possession are enough to satisfy burden of demonstrating nonexistence.  "It is questionable to what degree additional detail and explanation are necessary to establish the nonexistence of a record rather than its exemption from disclosure.  In the absence of any competent evidence that the agency acted in bad faith or that the agency records exist, the averments in such affidavits should be accepted as true." *Mahon*, 283 A.3d at 936.

In the instant case, we have no such countervailing evidence of the record's existence.  We cannot presume that the Department's September 28, 2023, letter, extending the final response date to November 3, 2023, for the purposes of determining "whether record requested *is subject to access* under the [RTKL]," supports the inference that the record did exist.  C.R., Item 5 at 5 (emphasis added).  The Department has established, through its Deputy Open Records Officer's declaration, that it did not possess the requested record.

5

Further, the primary governmental function of the Office of Administration is "to support the work and well-being of all Commonwealth employees by providing human resources and technology services to improve outcomes, reduce costs, and enhance customer service for *all* state agencies." https://www.pa.gov/agencies/oa/about-oa.html (last visited July 2, 2025) (emphasis added). In 2017, the human resources personnel complement across 26 state agencies, including the Department, transitioned to the Office of Administration. *See* https://www.pa.gov/content/dam/copapwp-pagov/en/oa/documents/about-oa/shared-services-17-18-annual-report.pdf (last visited July 2, 2025). It is the Office of Administration that provides human resources support to the Department. Requester's request will need to be presented to the Office of Administration.[3]

For these reasons, we affirm the OOR's final determination.

MARY HANNAH LEAVITT, President Judge Emerita

---

[3] Section 502(b)(1) of the RTKL directs an agency receiving a records request to "direct requests to . . . appropriate persons in another agency" where the receiving agency's good faith search reveals that it has no responsive records in its possession, custody or control, but that those records may be in the possession of another agency. 65 P.S. §67.502(b)(1). Requester does not raise this issue on appeal, and, thus, we need not address the Department's duty under Section 502(b)(1).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Latif Alkhatib,                          :
        Petitioner               :
                            :
        v.                       :   No. 50 C.D. 2024
                            :
Department of Corrections (Office         :
of Open Records),                         :
        Respondent               :

# **O R D E R**

AND NOW, this 2nd day of July, 2025, the final determination of the Office of Open Records, dated December 19, 2023, is AFFIRMED.

                                        _____
                                        MARY HANNAH LEAVITT, President Judge Emerita

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Latif Alkhatib,                          :
                    Petitioner           :
                                         :
          v.                             :    No. 50 C.D. 2024
                                         :
Department of Corrections (Office        :    Submitted: March 4, 2025
of Open Records),                        :
                    Respondent           :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE MARY HANNAH LEAVITT, Senior Judge


**_OPINION NOT REPORTED_**

CONCURRING OPINION
BY JUDGE McCULLOUGH                              FILED: July 2, 2025

          I agree with the thoughtful Majority. However, I write separately to
again emphasize, that under the Right-to-Know Law (RTKL),[1] 65 P.S.
§ 67.502(b)(1), an agency receiving a records request has a **statutory obligation "to
direct requests to appropriate persons in another agency"** where the receiving
agency's good faith search reveals that it has no responsive records in its possession,
custody or control, but that those records may be in the possession of another agency.
*See Couloumbis v. Senate of Pennsylvania*, 334 A.3d 48 (Pa. Cmwlth., No. 1071
C.D. 2023, filed March 18, 2025) (McCullough, J., concurring) 2025 WL 837062;
*Mutchler v. Pennsylvania Office of Administration*, 334 A.3d. 57 (Pa. Cmwlth., No.
628 C.D. 2023, filed March 18, 2025) (McCullough, J., concurring) 2025 WL
837227. The receiving agency should also notify the Requester in the response.

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

In the present case, the Requester sought information from the Department of Corrections (DOC) concerning Human Resources staff who happened to be working from the DOC's Tech Park site and therefore may have appeared to be DOC employees. While undertaking a good faith search for the responsive information, the DOC's Deputy Agency Open Records Officer discovered that the individuals about whom information was sought in fact were employed by the Office of Administration. While the DOC's response informed the Requester that the records were not in its possession and that the Office of Administration may have the requested records, the DOC should also have "directed" the request to the Office of Administration pursuant to Section 502(b)(1) of the RTKL. Doing so is especially important in a case like this one, where the DOC knew that the Office of Administration, as the employer of the individuals whose information was sought, was very likely to possess the requested records. With this important caveat, I concur in the result.

_____
PATRICIA A. McCULLOUGH, Judge