IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas W. Olick, :
                 Appellant :
                  :
       v. :
                  : No. 995 C.D. 2020
Easton Suburban Water Authority : Submitted: August 27, 2021

BEFORE:     HONORABLE MARY HANNAH LEAVITT, Judge
                  HONORABLE ANNE E. COVEY, Judge
                  HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON          FILED: December 3, 2021

         Thomas W. Olick (Olick) appeals from the September 10, 2020 order of the Northampton County Court of Common Pleas (trial court) that affirmed the July 25, 2018 Final Determination of the Pennsylvania Office of Open Records (OOR), which determined that the Easton Suburban Water Authority (Water Authority) complied with Pennsylvania's Right-to-Know Law[1] (RTKL), in response to Olick's June 27, 2018 records request. Upon review, we affirm.

         Olick filed a request with Water Authority pursuant to the RTKL on June 27, 2018 (Request). *See* Trial Court Order of Court filed September 10, 2020 (Trial Court Order), at 1, Reproduced Record (R.R.) at 140. In the Request, Olick

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-.3104.

sought certain documents and responses to various written questions.[2] *See* Trial Court Order at 1, R.R. at 140. On July 3, 2018, Water Authority produced numerous documents responsive to the Request. *See* Trial Court Order at 1, R.R. at 140.

---

[2] As drafted, the Request takes the form of a hybridization of a set of interrogatories and a request for production of documents served in the traditional discovery process by parties to civil lawsuits. Specifically, the Request seeks the following:

DOCUMENTS AND INFORMATION REQUESTED

1. For the period identified noted above in paragraph H to the present, please produce any and all Documents and Information related to any construction, repairs and/or other work YOU performed on the 1200 block of Chidsey Street, Easton, Pa. 18042, which shall include but not be limited to the areas adjacent to the Requestor's Properties. Those DOCUMENTS and Information should include but not be limited to: Documents and Information created or relied upon by YOU; YOU received and/or of which YOU had received a copy thereof; that is in any way related to the construction and/or subsequent reconstruction of YOUR water transportation pipes, related roadways, sidewalks and/or adjacent land on the 1200 block of Chidsey Street. Your production shall include but not be limited to any and all Documents and Information related to any permit that YOU submitted to any representative of the City of Easton for the above mentioned activities: and/or any and all subsequent inspection(s) and/or approval(s) You received regarding the aforementioned activities on or near those aforementioned roadways, sidewalks and/or adjacent land. Your answer shall also include, but not limited to YOUR recent relevant removal of a portion of the water transportation pipes, sidewalk and/or roadways in the vicinity of Requestor's Properties in the 1200 block of Chidsey Street as was discussed during our 6/26/18 meeting. In Your Answer, please include all Documents and Information related to the stability of any tress in the vicinity of the areas where YOU engaged in the aforementioned activities.

2. Please produce all Documents and Information which identify what City of Easton Codes (and/or other verbal or written understandings You have with the City of Easton and/or its employees) that You relied upon regarding the manner in which You were required to remove, Reconstruct and/or follow with regards to YOUR aforementioned activities, including but not limited to: a) any repair of any sidewalks or land in front of Requestor's Properties

2

(including those which relate to the manner or guidelines You were require to adhere to when working near any of Requestor's Properties), including but not limited to the replacement of any water transportation pipes near the aforementioned properties. If in Your Answer, You contend that You are/were exempt, in part or whole, or in any other manner from complying with any/all City Code or Ordinance (including but limited to the related Sidewalk and/or Shade Tree Codes and Ordinances), please produce all Documents upon which You did or could have relied upon for those exemptions. And Secondly, the Documents and/or Information YOU relied upon with regards to the stability of any trees adjacent to and/or related to YOUR aforementioned activities.

3. Please produce all Documents and Information related to any work and/or findings YOU discovered when engaging in the aforementioned water pipe repairs or replacements in the 1200 block of Chidsey Street (including but not limited to any replacement of sidewalks adjacent to Requestor's Properties). YOUR Answer should include but not be limited to the type, details of any excavations YOU preformed (e.g. the specific areas YOU excavated; the length, width and depth of YOU excavated; any eroding of the subsurface of the relevant land, roadways and/or sidewalks YOU discovered during the aforementioned activities); and any/all activities YOU engaged in to remedy any erosion YOU found in the relevant areas noted above.

4. Please IDENTIFY all persons who have direct first hand [sic] knowledge of any and/or all work related to the removal, reconstruction and/or repairs of the aforementioned water transportation pipes, roadways and/or sidewalks in the 1200 Block of Chidsey Street. In YOUR Answer, please provide sufficient information so that these persons can be served with subpoenas and/or called as witnesses in the aforementioned underlying litigations.

5. Please produce all DOCUMENTS which relate to any and all Notices YOU gave to Mr. Olick and/or any other resident's [sic] of Easton Pa which informed them that their water supply may be being transported to their properties, in part or whole, through lead pipes that any Notice of Water Quality YOU are currently and/or previously sent to them regarding the quality of water they are/were receiving from YOU (whether or not they Documents omitted any information about the lead in the water supplies) the residents actually receive from YOU at their properties. In YOU [sic]Answer,

3

please produce all DOCUMENTS and Information related to Water Quality YOU actually provided to the aforementioned property owners. In YOUR Answer, please provide all documents and/or information concerning when YOU first became aware that You were, and/or could be, transporting water to residents of the City of Easton through lead pipes.

6. Please produce all Documents that YOU communicated directly to Mr. Olick which provided him with prior Notice that YOU would be performing the aforementioned activities in the street and on the sidewalks adjacent to Requestor's Properties. Please note, since there is no dispute that YOU are aware that Mr. Olick resides on Crestview Ave, Easton, Pa. – please provide all PRIOR Notice that YOU allege were sent to Mr. Olick at his personal residence should be included in YOUR Production.

7. Please produce all Documents and Information regarding any written and/or oral understanding YOU have with the City of Easton which permits YOU to install access ports (i.e. to YOUR water transportation pipes) which protrudes above the sidewalks surfaces. In YOUR answer, please provide all Documents and/or understandings YOU have with the City of Easton as to why those protruding access ports do not constitute a tripping hazard (e.g. access pipes on the Cherry Street alley adjacent to the 1200 Block of Chidsey Street). IN YOUR answer, please produce all relevant DOCUMENTS and Information including but not limited to all permit requests YOU submitted to the City regarding those aforementioned access ports installations and any/all inspections made by the City after those installations were completed.

8. Please produce all DOCUMENTS and Information regarding any inspection and/or any other related activities of the Sidewalks adjacent to REQUESTOR"S Properties that YOU undertook after receiving Mr. Olick 6/5/18 letter regarding the deteriorating conditions of those sidewalks (this is the letter discussed at out 6/28/18 meeting).

9. Please produce all Documents and/or records related to any communications YOU and/or YOUR employees had with the City and/or any of its employees regarding YOUR aforementioned activities and/or the litigations listed on page one (1) of this Right to Know Request.

4

Not satisfied with Water Authority's response to the Request, Olick filed an appeal with OOR on July 9, 2018, which contended that Water Authority had failed to fully respond to the Request. *See* Trial Court Order at 1, R.R. at 140. In response to the appeal, on July 19, 2018, Water Authority supplemented the record with a position statement and the sworn affidavit of its Open Records Officer, which attested that Water Authority had furnished all records in its possession responsive to the Request and that no other documents responsive to the Request exist. *See* Trial Court Order at 1-2, R.R. at 140-41.

OOR issued a Final Determination on July 25, 2018 (Final Determination). *See* Trial Court Order at 2, R.R. at 141; *see also* Final Determination, R.R. at 144-46. Citing Water Authority's sworn position statement and its Open Records Officer's attestation that it had no additional records responsive to the Request, OOR determined the Water Authority had met its burden of proving that additional records do not exist within its possession, custody, or control. *See* Final Determination at 2, R.R. at 145. Accordingly, OOR denied Olick's appeal. *See id.*

Olick petitioned the trial court for review. *See* Trial Court Order at 2, R.R. at 141. The trial court reviewed the certified record and conducted a hearing on September 8, 2020. *See* Trial Court Order at 2, R.R. at 141. Thereafter, on September 10, 2020, the trial court issued the Trial Court Order in which it concluded that Water Authority, through the testimony of its Open Records Officer, proved that it possessed no further documents responsive to the Request, and accordingly had no further production obligations with respect to the Request. *See*

---

"Right to Know Request Submitted by T W Olick on 6/27/18 To The Easton Surbaban [sic] Water Authority," included as Exhibit 1 to the Complaint contained in Olick's unpaginated Reproduced Record, at 3-6 (verbatim).

5

Trial Court Order at 2 & 4, R.R. at 141 & 143.  The trial court further noted that, when given the opportunity at the hearing to present evidence that Water Authority had acted deceitfully or in bad faith, Olick failed to present any such evidence, and instead continually fundamentally conflated the concept of discovery in a civil action with his right of access to documents under the RTKL.  *See* Trial Court Order at 3, R.R. at 142.  Olick appealed to this Court.[3]

Olick makes a number of allegations in the instant appeal, all of which hinge on whether the trial court erred in determining that Water Authority proved that it possesses no further documents responsive to the Request.  *See* Olick's Brief at 5-7.[4]  None of his arguments entitle Olick to relief.

---

[3] "This Court's review of a trial court's order in an RTKL dispute is limited to determining whether findings of fact are supported by competent evidence or whether the trial court committed an error of law, or an abuse of discretion in reaching its decision.  The scope of review for a question of law under the RTKL is plenary." *Borough of Pottstown v. Suber-Aponte*, 202 A.3d 173, 178 n.8 (Pa. Cmwlth. 2019) (internal citations, quotation marks, and brackets omitted).

[4] Olick lists his issues on appeal as follows:

> 1.  Has Appellant produced prima facie undisputed evidence of documents and records that the Appellee destroyed, concealed and/or failed to produce in answer to the RTK Request (Exhibit 4 @ exhibits B & E)?
>
> 2.  In its production of documents in response to Appellant's RTK Request and RTK Appeal, did the Appellee fail to produce all of its documents and/or answer Appellant's Requests with Specificity as required by the RTK Laws, OOR Rules (Pa[.] RTK Law @ Section 703), and/or the Instruction to the RTK itself (Exhibit 1 @ exhibit 1 p[. ]2 para[.] D: "Separate answers should be accorded to every question/request or part thereof posed . . . Requests should not, however, be joined together in a common answer[.]")?
>
> 3.  Because the Appellee had previously sworn that [it] received them from the City, did the Appellee thereafter fail to produce the relevant documents which it previously alleged were received from the City regarding:  permits requested and issued; inspections and

6

We begin with an overview of the RTKL. "The objective of . . . [this] [l]aw . . . is to empower citizens by affording them access to information concerning the activities of their government." *SWB Yankees LLC v. Wintermantel*, 45 A.3d 1029, 1042 (Pa. 2012). Further, the RTKL is remedial in nature and is "designed to promote access to official government information in order to prohibit secrets, scrutinize the actions of public officials and make public officials accountable for their actions." *Pa. Dep't of Educ. v. Bagwell*, 114 A.3d 1113, 1122 (Pa. Cmwlth. 2015). "[C]ourts should liberally construe the RTKL to effectuate its purpose[.]" *Barnett v. Pa. Dep't of Pub. Welfare*, 71 A.3d 399, 403 (Pa. Cmwlth. 2013).

Under the RTKL, upon request by a member of the public, local agencies are required to provide those members of the public with copies of public records within their possession. *See* Section 302 of the RTKL, 65 P.S. § 67.302.

approvals of Appellee's activities with regard[] to Appellant Properties and it other repairs, removals and replacements of it water distribution pipes in the 1200 Block of Chidsey Street (RTK Request p. 3 No. 1)?

4. Did the lower court abuse it[s] discretion when it prohibited the Appellant from using prior sworn statements (i.e.[,] regarding the documents sought in the RTK [R]equests) made in other related litigations as evidence of Appellee's false statements and refusals to produce materially related evidence?

5. Did the Appellee fail to produce documents related to the "Industrial Guidelines" and/or City Codes that it followed, or should have followed, when it performed the relevant repairs and/or replacements to its water distribution pipes adjacent to Appellant's Properties and those in the 1200 Block of Chidsey Street?

6. Did the Appellee fail to produce its records and documents related to the individuals who had first-hand knowledge of its relevant work at the Vacant Lot and/or Rental Property (RTK Request p[. ]5 No. 4)?

Olick's Br. at 5-7.

Local agencies are not required, however, to create records for the purpose of complying with a RTKL request. *See* Section 705 of the RTKL, 65 P.S. § 67.705 ("When responding to a request for access, an agency shall not be required to create a record which does not currently exist or to compile, maintain, format or organize a record in a manner in which the agency does not currently compile, maintain, format or organize the record."). If, upon the submission of a RTKL request, no records exist or are in possession of the local agency, the local agency has no production obligations with respect to the request. *See id.* The burden of proving that a document does not exist is on the agency responding to the request. *See Hodges v. Pa. Dep't of Health*, 29 A.3d 1190, 1192 (Pa. Cmwlth. 2011) (noting that an agency is not required to create a record if the requested record does not exist); *Moore v. Off. of Open Recs.*, 992 A.2d 907, 909 (Pa. Cmwlth. 2010) (explaining that the standard is whether the requested record is in existence and in the possession of the Commonwealth agency at the time of the request). To sustain its burden of proof, an agency may provide a sworn affidavit or statement made under the penalty of perjury as competent evidence to show that a record does not exist. *See Hodges*, 29 A.3d at 1192; *see also Sherry v. Radnor Twp. Sch. Dist.*, 20 A.3d 515, 520-21 (Pa. Cmwlth. 2011); *Moore*, 992 A.2d at 909 (stating that an agency may submit an affidavit to satisfy its burden of proof).

Here, the evidence before the trial court consisted of the sworn attestation and testimony of Water Authority's Open Records Officer, Craig Swinsburg,[5] who explained at the hearing that he caused a full search of the

---

[5] Swinsburg has been employed with Water Authority since 1999 and has acted as Water Authority's Open Records Officer for approximately the past five years. *See* Notes of Testimony, September 8, 2020 (N.T.) at 7-8, R.R. at 153-54. Swinsburg testified that he is familiar with the various documents kept in Water Authority's normal course of business. *See* N.T. at 8, R.R. at 154.

documents retained by Water Authority to be conducted in response to the Request, and that Water Authority provided Olick with all responsive documents in its possession. *See* Notes of Testimony, September 8, 2020 (N.T.) at 8-12 & 20, R.R. at 154-58 & 167. Swinsburg also testified that no one instructed him not to produce responsive documents, that he did not become aware of further responsive documents after providing Olick the responsive documents in Water Authority's possession, and that he would have produced further responsive documents, had such documents been identified. *See* N.T. at 11-12, R.R. at 157-58. Swinsburg further explained that he had no reason to not provide documents in response to the Request, and that, if he was to discover further responsive documents in the future, he would produce those documents as well. *See* N.T. at 12, R.R. at 158. The trial court further noted that Olick failed to proffer any evidence from which the trial court could conclude that Water Authority had acted deceitfully or in bad faith or that the records allegedly sought by Olick did exist. *See* Trial Court Order at 3, R.R. at 142; *see also McGowan v. Pa. Dep't of Env't Prot.*, 103 A.3d 374, 382-83 (Pa. Cmwlth. 2014) (indicating that where no evidence has been presented to show the agency acted in bad faith, the averments in the agency's affidavit should be accepted as true). Based on this evidence, the trial court determined Water Authority met its burden of showing that it does not have records responsive to the Request beyond those already produced. We find no error or abuse of discretion in the trial court's determination.

Further, to the extent Olick demanded answers to information requests or inquiries otherwise posed in the Request, the trial court noted that, throughout the hearing, Olick "fundamentally conflated in his mind the concept of discovery with his right of access under the [RTKL]." Trial Court Order at 3, R.R. at 142. Review

of the hearing transcript reveals the trial court's assessment to be accurate. *See generally* N.T. We note simply that Olick's failure or inability to grasp the limitations of his rights or Water Authority's obligations under the RTKL, despite the trial court's consistent and patient explanation of the same, does not expand those rights or obligations beyond the production of extant public documents in Water Authority's possession, custody, or control to include an entitlement to the discovery devices employed in traditional civil litigation.

Additionally, Olick is not entitled to relief based on his evidentiary claim regarding the trial court's refusal to allow the introduction of statements from other previous lawsuits. *See* Olick's Br. at 6, Issue On Appeal No. 4. Olick completely failed to develop this claim in any fashion in his brief and does not identify the specific documents or statements he claims should be admitted. *See* Olick's Br. at 8 & 10-14. Accordingly, this argument is waived. *See Berner v. Montour Twp.*, 120 A.3d 433, 437 n.6 (Pa. Cmwlth. 2015) (ruling that a party's failure to sufficiently develop an issue in a brief constitutes waiver of the issue); Pa.R.A.P. 2119(a).[6]

For the reasons above, we affirm.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[6] We acknowledge Olick's *pro se* status, but note that, while we may be willing to liberally construe a *pro se* litigant's filings, *pro se* status neither confers special benefits on Olick nor excuses shortcomings in his brief. *See Commonwealth v. Adams*, 882 A.2d 496, 498 (Pa. Super. 2005).

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas W. Olick,               :
          Appellant      :
                         :
      v.                :
                         :   No. 995 C.D. 2020
Easton Suburban Water Authority  :

# O R D E R

AND NOW, this 3rd day of December, 2021, the September 10, 2020 order of the Northampton County Court of Common Pleas is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge