# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dylan Segelbaum and The York    :
Daily Record,    :
           Appellants    :
                                     :    No. 1075 C.D. 2022
           v.    :
                                     :    Submitted: July 5, 2024
York County    :

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE ANNE E. COVEY, Judge
                 HONORABLE LORI A. DUMAS, Judge

## _OPINION NOT REPORTED_

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                              **FILED: October 30, 2024**

Dylan Segelbaum and The York Daily Record (collectively, Requesters) appeal the order issued by the Court of Common Pleas of York County (trial court) on September 6, 2022, which dismissed as moot an appeal filed by York County (the County) in this Right-to-Know Law (RTKL)[1] matter. While we agree with the trial court's conclusion that the County has fulfilled Requesters' RTKL request as filed, we further conclude that its disposition was flawed and, therefore, vacate the trial court's order and remand with instructions that it reverse the final determination of the Office of Open Records (OOR).

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

## I. BACKGROUND[2]

On November 12, 2021, Requesters requested a copy of the curriculum vitae (CV or resume) of Joseph Garcia.[3] The County initially denied the request on the ground that it did not possess responsive records.

Requesters timely appealed to the OOR. Before the OOR, the County maintained that it did not possess Mr. Garcia's CV. However, the County also acknowledged that it possessed a 128-page document titled, "Verified CV of STL Garcia" (Supporting Documentation), that compiled numerous photographs, letters of reference, and training certificates. The OOR agreed with Requesters' contention that this document was responsive and directed its provision.

The County timely appealed this final determination to the trial court. During the pendency of its appeal, the County discovered a password-protected, electronic copy of Mr. Garcia's CV that was no longer accessible. Upon request, Mr. Garcia provided another copy to the County, which then forwarded a lightly redacted version of this eight-page document to Requesters.

Following a hearing and briefing by the parties, the trial court rejected the OOR's determination. The court did not credit Requesters' argument that the actual title of the Supporting Documentation, *i.e.*, "Verified CV of STL Garcia," alone established that it was responsive. Defining a CV or resume as a short account of one's career and qualifications, the trial court found that Mr. Garcia's resume was responsive to the request but that the Supporting Documentation was not. Thus, because the County had provided the only responsive document in its possession,

---

[2] Unless stated otherwise, we adopt the factual background for this case from the trial court's opinion, which is supported by substantial evidence. *See* Trial Ct. Op., 9/6/22.

[3] Mr. Garcia works for the County Prison as a contractor providing high-risk security training. *See* Notes of Testimony (N.T.) Hr'g, 6/3/22, at 13, 17.

the trial court concluded that Requesters were due no further relief and that the County's appeal was moot. In so doing, the trial court stressed that it had not considered the parties' arguments addressing whether the Supporting Documentation was a public record subject to provision under the RTKL. Rather, according to the trial court, it had simply determined that the Supporting Documentation was not sought in the original request under review.

Requesters then timely appealed to this Court.

## II. ISSUES

Requesters raise three issues for our review, reordered for ease of disposition. First, Requesters assert that the trial court erred in failing to order the County to produce the Supporting Documentation. Requesters' Br. at 4. Second, Requesters contend that the County has acted in bad faith by withholding the Supporting Documentation.[4] *Id.* at 29. Third, according to Requesters, the trial court erred in dismissing the County's appeal as moot. *Id.*

---

[4] Requesters preserved their claim of bad faith. *See* Requesters' Pa.R.A.P. 1925(b) Statement, 10/24/22. However, we note that Requesters' appellate brief does not conform to the Pennsylvania Rules of Appellate Procedure. Rule 2111 requires an appellant to include a "[s]tatement of the questions involved" in its brief. Pa.R.A.P. 2111(a)(4). Importantly, "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." Pa.R.A.P. 2116(a). Requesters have identified two questions involved. *See* Requesters' Br. at 4. They did not identify the County's alleged bad faith as a question, nor is it fairly suggested thereby. *See id.* Nevertheless, Requesters proceed to develop an argument asserting the County's bad faith. *See* Requesters' Br. at 29-33. This is a violation of Rule 2119. Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts *as there are questions to be argued* . . . .") (emphasis added). Rule 2111 also provides that the brief of an appellant must include a "[s]ummary of argument" section. Pa.R.A.P. 2111(a)(6). "The summary of argument shall be a concise, but accurate, summary of the arguments presented in support of the issues in the statement of questions involved." Pa.R.A.P. 2118. Requesters have failed to include a summary of argument section in their brief. *See generally* Requesters' Br. We caution Requesters that the cumulative effect of these relatively minor errors creates unnecessary confusion and hinders the Court's prompt disposition of this appeal.

## III. DISCUSSION[5]

### A. Scope of Request

Requesters assert that the Supporting Documentation falls within the scope of their request and should be produced by the County. *See* Requesters' Br. at 13-17. According to Requesters, this document is not only "labeled" a CV but also contains information typically found in a CV. *Id.* at 14. Moreover, Requesters suggest, the County relied on this information just as it would any other CV as proof of Mr. Garcia's qualifications and experience. *See id.* at 16; Requesters' Reply Br. at 7 (suggesting the document reassured County officials of Mr. Garcia's qualifications). Requesters therefore reject the trial court's focus on the length of the document and suggest that, under any reasonable interpretation of their request, the Supporting Documentation is a CV. *See* Requester's Br. at 14-17.[6]

Under the RTKL, information is subject to disclosure if it is a "public record." Section 301(a) of the RTKL, 65 P.S. § 67.301(a). The RTKL is "remedial legislation designed to promote access to official government information in order to prohibit secrets, scrutinize the actions of public officials, and make public officials accountable for their actions . . . ." *Bowling v. Off. of Open Recs.*, 990 A.2d 813, 824 (Pa. Cmwlth. 2010), *aff'd*, 75 A.3d 453 (Pa. 2013). We must liberally construe

---

[5] "When reviewing an order of the trial court regarding the RTKL, we must determine whether the findings of fact are supported by [substantial] evidence or whether the trial court committed an error of law or an abuse of discretion in reaching its decision." *City of Harrisburg, v. Prince*, 288 A.3d 559, 567 n.7 (Pa. Cmwlth. 2023) (cleaned up).

[6] Requesters have not specifically challenged the trial court's findings. However, Requesters also attack the credibility of Mr. Garcia, who denied that the Supporting Documentation was his resume, and suggest that a factfinder should be free to make obvious findings. *See* Requesters' Br. at 16 n.4, 17. We reject these arguments and remind Requesters that the trial court sits as the factfinder in this case. *See Bowling v. Off. of Open Recs.*, 75 A.3d 453, 477 (Pa. 2013). Further, we will not disturb a trial court's credibility determinations provided there is substantial evidence to support the trial court's decision. *Kyziridis v. Off. of Northampton Cnty. Dist. Att'y*, 308 A.3d 908, 914-15 (Pa. Cmwlth. 2024).

4

its provisions to effectuate this purpose. *Levy v. Senate of Pa.*, 65 A.3d 361, 381 (Pa. 2013).

Upon request, an agency is required to disclose information falling within the RTKL's broad definition of "record." *Hodges v. Pa. Dep't of Health*, 29 A.3d 1190, 1192 (Pa. Cmwlth. 2011); *see* Section 102 of the RTKL, 65 P.S. § 67.102.[7] However, "the RTKL is not a forum for the public to demand answers to specifically posed questions to either a Commonwealth or local agency." *Walker v. Pa. Ins. Dep't* (Pa. Cmwlth., No. 1485 C.D. 2011, filed June 15, 2012), slip op. at 12; *accord Gingrich v. Pa. Game Comm'n* (Pa. Cmwlth., No. 1254 C.D. 2011, filed Jan. 12, 2012), slip op. at 11 (rejecting a requester's argument that the RTKL requires an agency to research the answers to questions).[8]

An agency may interpret a request, provided its interpretation is reasonable and construed within the context of the request. *See In re Melamed*, 287 A.3d 491, 499 n.15 (Pa. Cmwlth. 2022) (citations omitted); *UnitedHealthcare of Pa., Inc. v. Dep't of Hum. Servs.* (Pa. Cmwlth., No. 824 C.D. 2017, filed May 31, 2018), 2018 WL 2436334 (unreported) (assessing agency's interpretation of request). Further, once an RTKL request is submitted, a requester is not permitted to expand or modify the request on appeal. *See Smith Butz, LLC v. Pa. Dep't of Env't Prot.*, 142 A.3d 941, 945 (Pa. Cmwlth. 2016). "An agency is only required . . .

---

[7] Section 102 of the RTKL defines "record" as

[i]nformation, regardless of physical form or characteristics, that documents a transaction or activity of an agency and that is created, received or retained pursuant to law or in connection with a transaction, business or activity of the agency. The term includes a document, paper, letter, map, book, tape, photograph, film or sound recording, information stored or maintained electronically and a data processed or image-processed document.

65 P.S. § 67.102.

[8] We may cite unpublished decisions of this Court as persuasive authority. *See* Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

5

to forward and provide *the records which are requested.*" *Hodges*, 29 A.3d at 1193 (emphasis in original).

In their original request, Requesters sought "[a] copy of the [CV] for Joseph Garcia, the 'senior team leader' of CSAU-1 LLC, a 'corrections special operations' organization based in Greenville, South Carolina." OOR Certified R. (C.R.), Ex. 1 (Request, 11/12/21). Interpreting this request, the County declined to provide the Supporting Documentation after concluding that its contents were not responsive to the request. *See* OOR C.R., Ex. 7 (Cnty. Submission, 1/25/22, at 2). According to the County, "[d]espite the title of the cover page, the attached documents are not a CV." *Id.*

Thus, we must consider whether the County's interpretation of this request was reasonable. *See Melamed*, 287 A.3d at 499 n.15. In other words, we consider whether it was appropriate for the County to deny access to the Supporting Documentation as non-responsive or outside the scope of the initial request. For its part, the trial court disagreed with Requesters' principal argument that the title of a document should be determinative. *See* Trial Ct. Op. at 3-4 (unpaginated). According to the trial court, this flawed approach would undermine the purpose of the RTKL "by allowing an agency to simply title its records in a way which would circumvent the RTKL." *Id.* at 4.

The trial court also rejected Requesters' assertion that the County relied on this Supporting Documentation as Mr. Garcia's CV or resume. Noting that the RTKL does not define the term curriculum vitae, the trial court looked to a common definition of the term. *Id.* at 3. The trial court defined "curriculum vitae" as a short account of one's career and qualifications and added "[i]n the current context, we emphasize the requirement that a CV be 'short.'" *Id.* (quoting Merriam-Webster's

6

online dictionary).[9]  Addressing the argument that the withheld document "contains information typically included in CVs," the court found that the document contained photographs, letters of reference, and training certificates.  It then stated "[t]hese are not the types of documents one would expect to see as part of a CV, and 128 pages is certainly not short."  Trial Ct. Op. at 3.

We discern no legal error in the trial court's reasoning.  While it seems plain that the title of a document may hint at its contents, the trial court properly reasoned that focusing on a document's title alone risks insufficient consideration of a document's substance.  We further agree with the trial court's view that the Supporting Documentation is far beyond what is generally accepted as a CV or resume.  Here, the Supporting Documentation is quite lengthy and is actually a compilation of dozens of individual documents, including 42 photographs, 41 letters of reference, and 42 training certificates.  *See* Notes of Testimony (N.T.) Hr'g, 7/5/22, at 106.  While there may be examples of similarly lengthy and detailed accounts of an individual's accomplishments, they are likely rare and outside the normal convention.[10]

Finally, we specifically reject Requesters' contention that a CV serves as *proof* of an individual's qualifications and experience.  The CV or resume is a statement or an account of an individual's accomplishments.  It is not proof of them.  Consider, for example, an applicant who identifies in her CV certain educational accomplishments, such as the dates of her graduation from high school or university.

---

[9] "Curriculum vitae" is defined as "a short account of one's career and qualifications prepared typically by an applicant for a position."  Curriculum Vitae, Merriam-Webster's Dictionary (online ed.) (https://www.merriam-webster.com/dictionary/curriculum%20vitae) (last visited Oct. 24, 2024).

[10] Requesters have cited several examples of lengthy CVs.  *See* Requesters' Br. at 14-15.  We did not find evidence of record documenting the length of a "typical CV."

7

The CV does not include the applicant's diploma, nor would it typically include a transcript of credits received. In contrast, here, Mr. Garcia provided the County with both: an account of his accomplishments as well as a compilation of evidence supporting that account. *See* N.T. Hr'g at 82 (Mr. Garcia testifying that he had provided the Supplemental Documentation to "debunk" critical media stories that had questioned his expertise).

In our view, the County's interpretation of the initial request was reasonable. Therefore, it provided Mr. Garcia's CV as requested but properly denied provision of the Supporting Documentation as non-responsive. *See Melamed*, 287 A.3d at 499 n.15; *Hodges*, 29 A.3d at 1193. To the extent that Requesters now seek additional records, *i.e.*, the Supporting Documentation, it is free to file another request, but it may not expand or modify its original request on appeal.[11] *See Smith Butz*, 142 A.3d at 945.

### B. Sanctions

Requesters seek costs, attorneys' fees, and the imposition of civil penalties for the County's alleged bad faith, citing in support Section 1304 of the RTKL. Requesters' Br. at 29 (citing 65 P.S. § 67.1304). According to Requesters, the County exhibited bad faith in granting itself a 30-day extension to respond to the request, failing to conduct a diligent search for responsive records, prolonging this litigation needlessly, and delaying the public's access to the Supporting Documentation. *Id.* at 29-33. No relief is due.

---

[11] Because we agree with the trial court's decision, we do not reach and need not address Requesters' additional arguments regarding whether the Supporting Documentation is "a record of the County" and whether the document or any information contained within it is exempt from disclosure under the RTKL. *See* Requesters' Br. at 17-29.

An agency must respond to a request for records in good faith. *See Smith Butz*, 142 A.3d at 945; Section 901 of the RTKL, 65 P.S. § 67.901.[12] Section 1304 of the RTKL permits the recovery of reasonable costs and fees "when the receiving agency determination is reversed, and it deprived a requester of access to records in bad faith." *Uniontown Newspapers, Inc. v. Pa. Dep't of Corr.*, 243 A.3d 19, 34 (Pa. 2020) (cleaned up).

In this case, the County provided Requesters with Mr. Garcia's CV but denied Requesters access to the Supporting Documentation as non-responsive. We have agreed with the trial court's conclusion that the County's interpretation of the initial request was reasonable; we have not reversed its determination. Thus, Requesters are not entitled to recover their costs and fees.[13] *See id.*

---

[12] Section 901 provides:

Upon receipt of a written request for access to a record, an agency shall make a good faith effort to determine if the record requested is a public record, legislative record or financial record and whether the agency has possession, custody or control of the identified record, and to respond as promptly as possible under the circumstances existing at the time of the request. All applicable fees shall be paid in order to receive access to the record requested. The time for response shall not exceed five business days from the date the written request is received by the open-records officer for an agency. If the agency fails to send the response within five business days of receipt of the written request for access, the written request for access shall be deemed denied.

65 P.S. § 67.901.

[13] We decline to address Requesters' assertions of bad faith in detail. We merely reiterate that the County's interpretation of the initial request was reasonable and properly construed within the context of the request. We note also that Section 1304 does not authorize this Court to impose civil penalties, unless "in accordance with applicable rules of court." *See* Section 1304(c) of the RTKL, 65 P.S. § 67.1304(c); *see Off. of the Dist. Att'y of Phila. v. Bagwell*, 155 A.3d 1119, 1140-41 (Pa. Cmwlth. 2017). Requesters have identified no such rule. Further, at no time during these proceedings have Requesters invoked Section 1305(a) of the RTKL, which authorizes a civil penalty of not more than $1,500 if an agency has denied access to a public record in bad faith. 65 P.S. § 67.1305(a). *See* Requesters' Br. at 29-33; Requesters' Pa.R.A.P. 1925(b) Statement; Requesters' Br. to Trial Ct., 9/2/22.

## C. Mootness

Finally, Requesters assert that this matter continues to present "a live controversy: whether the County must produce [the Supporting Documentation] in response to [the] [r]equest, as ordered by the OOR." Requesters' Br. at 10. Although Requesters concede that "the trial court considered, and intended to overturn, the OOR's legal conclusion that the [Supporting Documentation] is responsive to the [r]equest," it maintains that dismissing the [C]ounty's appeal as moot was "the wrong way to effectuate its intent." Requesters' Reply Br. at 2. In response, the County asserts that the trial court's intention was "loud and clear" and asks that we interpret the trial court's order as overruling the OOR's final determination. *See* Cnty.'s Br. at 12, 26.

A final determination issued by the OOR is a final, appealable order. *See Bowling*, 75 A.3d at 457-58; Section 1101(b)(3) of the RTKL, 65 P.S. § 67.1101(b)(3) ("The determination by the appeals officer shall be a final order."). These decisions "are reviewable upon petitions for review—to the Commonwealth Court when the matter arises from a determination made by a Commonwealth agency, or to the court of common pleas when the matter arises from a determination made by a local agency." *Bowling*, 75 A.3d at 458. While the appropriate standard of review is *de novo*, the court must enter a decision on the final determination. *See id.*

Here, in its final determination, the OOR directed the County "to provide all responsive records, including the [Supporting Documentation] within [30] days." Final Determination, 1/31/22, at 9. The County challenged this decision. *See* Cnty.'s Notice of Appeal & Pet. for Rev., 3/2/22. On appeal, the trial court reasoned that the Supporting Documentation was outside the scope of the initial

request and therefore non-responsive. *See* Trial Ct. Op at 3-4. While we agree with this reasoning, the trial court went further, concluding that the County's appeal was moot because the trial court was "not able to grant effective relief to the parties." *Id.* at 3.

The "prudential approach in Pennsylvania remains that courts do not review moot questions . . . ." *Chester Water Auth. v. Pa. Dep't Cmty. & Econ. Dev.*, 249 A.3d 1106, 1115 (Pa. 2021). There must be an actual case or controversy at all stages of the judicial process, or the case will be dismissed as moot.[14] *Gray v. Phila. Dist. Att'y's Off.*, 311 A.3d 1230, 1236 (Pa. Cmwlth. 2024) (citing *Harris v. Rendell*, 982 A.2d 1030, 1035 (Pa. Cmwlth. 2009)). The question of mootness is a pure question of law, subject to our *de novo* review. *Id.* (citing *Commonwealth v. Dixon*, 907 A.2d 468, 472 (Pa. 2006)).

Despite the County's provision of Mr. Garcia's CV to Requesters, that was not the entirety of the parties' dispute. The parties continued to dispute whether Requesters were also entitled to the Supporting Documentation. This ongoing dispute presented an actual controversy and precluded the trial court's mootness determination. Accordingly, in this regard, we conclude the trial court erred. *See id.*

## IV. CONCLUSION

Based on the foregoing review and analysis, we agree with the trial court's reasoning that the Supporting Documentation is not responsive to the initial request filed by Requesters. Further, because we agree that the County has

---

[14] "An exception to mootness will be found (1) where the conduct complained of is capable of repetition yet likely to evade judicial review, (2) where the case involves issues of great public importance, or (3) where one party will suffer a detriment without the court's decision." *California Borough v. Rothey*, 185 A.3d 456, 463 (Pa. Cmwlth. 2018) (cleaned up). Neither party argues an exception to the mootness doctrine, and none are relevant here.

reasonably withheld the Supporting Documentation, Requesters are not entitled to costs or fees. Nevertheless, the trial court erred in dismissing the County's appeal as moot. Accordingly, we vacate the trial court's order and remand with instructions that it issue an order reversing the final determination of the OOR.[15]

 

 

 

 

                                      _____

                                      **LORI A. DUMAS, Judge**

Judge McCullough dissents.

---

[15] We reiterate that Requesters may file a new request under the RTKL.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dylan Segelbaum and The York      :
Daily Record,      :
          Appellants      :
     :    No. 1075 C.D. 2022
         v.      :
     :
York County      :

# **O R D E R**

AND NOW, this 30th day of October, 2024, the order of the Court of Common Pleas of York County (trial court), entered September 6, 2022, is VACATED, and this matter is REMANDED. Upon remand, the trial court shall enter an order that reverses the final determination issued on January 31, 2022, by the Office of Open Records.

Jurisdiction relinquished.

_____
**LORI A. DUMAS, Judge**